IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc.<br><br>Defendants. | CASE NO. 08CV2067<br><br>JUDGE DER-YEGHIAYAN |

## INITIAL STATUS REPORT

**I.    Basis for Federal Jurisdiction**

Federal subject matter jurisdiction is premised on Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). The required Joint Jurisdictional Status Report is also being filed contemporaneously.

**II.   Brief Summary of the Claims**

The Defendants, FULL COURT SPORTS FLOORS, INC. and KEITH COOTE individually and d/b/a Full Court Sports Floors, Inc., ("Defendant") submitted monthly contribution reports to the Plaintiff Trust Funds acknowledging that the Employer owes $20,915.82 in delinquent contributions for the period of June 2007 through February 2008. However, the Defendant did not pay this amount. The Defendant is in default and has filed no answer or appearance. There are no counterclaims or third party complaints.

**III.    Relief Sought by the Plaintiff**

The Complaint seeks payment of $20,915.82 in delinquent contributions to multi-employer fringe benefit trust funds for the period of June 2007 through February 2008. The Complaint seeks interest, liquidated damages, and attorney fees and costs. The Defendant is in default and has filed no answer or appearance. There are no counterclaims or third party complaints.

**IV.    Names of Parties Served**

All parties in the current Complaint were served.

**V.    Principal Legal Issues**

This case involves determining the liability for the period of January 2007 through the present.

**VI.    Principal Factual Issues**

The factual issues involve determining the amount of contributions owed.

**VII.    Status of Pending Motions**

There are no pending motions. A motion for default judgment will be filed.

**VIII.    Description of Discovery Requested**

Interrogatories, Request to Admit Facts, and the Rule 30(b)(6) deposition as to the allegations contained in the Complaint will need to if the Defendant cures the default.

**IX.    Proposed Dates**

Because the Defendant is in technical default as of this date of filing, May 6, 2008, the Plaintiffs will file a motion for default judgment within the next 14 days.

**X.      Trial Length**

The trial will last for one-half day.

**XI.     Jury Status**

There is no jury demand.

**XII.    Settlement**

The Defendant is in default as of May 6, 2008 and has not responded to any formal or informal demands/inquiries from the Plaintiffs.

**XIII.   Consent to the Magistrate Judge**

The Plaintiffs do not consent to the Magistrate Judge.

Respectfully submitted,

By: /s/ DAVID P. LICHTMAN

Attorney for the Plaintiffs

Whitfield McGann & Ketterman
111 E. Wacker Suite 2600
Chicago, IL 60601
(312) 251-9700; F (312) 251-9701
dlichtman@whitfield-mcgann.com
Attorney No. 6290051