IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND,<br><br>          Plaintiffs,<br><br>v.<br><br>FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc.<br><br>          Defendants. | CASE NO. 08CV2067<br><br>JUDGE DER-YEGHIAYAN |

**MOTION TO VACATE JUDGMENT**

Plaintiffs, by its attorney, David P. Lichtman, move this Honorable Court to vacate judgment entered on May 13, 2008 against Defendant KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc., according to Fed. R. Civ. P. 55(c):

1. The Plaintiffs named as Defendants in their original Complaint FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc.  **(Exhibit A, Complaint)**

2. KEITH COOTE was named individually because at the time of filing, FULL COURT SPORTS FLOORS, INC. was an involuntary dissolved corporation.

3. Default Judgment was entered against the Defendants on May 13, 2008 in the amount of $27,481.50.  **(Exhibit B, Judgment Order)**

4. Defendant FULL COURT SPORTS FLOORS, INC. is currently a corporation in good standing with the Secretary of State and under the Illinois Business Corporation Act of 1983.

5. Plaintiffs Trust Funds voluntarily wish to vacate the Default Judgment against KEITH COOTE, individually.

WHEREFORE, Plaintiffs pray that the Default Judgment be vacated against Defendant

KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc., but not against Defendant FULL COURT SPORTS FLOORS, INC.

                                        Respectively submitted,

                                        /s/ David P. Lichtman
                                        Attorney for the Plaintiffs

Attorney No. 6290051
Whitfield McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701

# EXHIBIT A

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND <br><br> Plaintiffs, <br><br> v. <br><br> FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc. <br><br> Defendants. | CIVIL ACTION |

## COMPLAINT

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, David P. Lichtman, complain of the Defendants, FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc. ("Defendant") as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising there under.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are

multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Funds for the period November 2007 through present and by failing to pay liquidated damages on previously submitted contributions.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

10. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

11. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or

    b) interest plus liquidated damages provided for under the

        Trust Agreements not in excess of 20% of amount that is due.

12. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

- a) That the Defendant be ordered to submit fringe benefit reports and pay contributions for the November 2007 through present.
- b) That the Plaintiff be allowed to submit as estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.
- c) That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.
- d) That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).
- e) That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).
- f) That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).
- g) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: s/ David P. Lichtman

Attorney for Plaintiffs

Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
6290051

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND<br><br>Plaintiffs,<br><br>v.<br><br>FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc.<br><br>Defendants. | CASE NO. 08CV2067<br><br>JUDGE DER-YEGHIAYAN |

**JUDGMENT ORDER**

The Plaintiffs filed their Complaint on April 11, 2008, naming as joint Defendants both FULL COURT SPORTS FLOORS, INC., and KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc.; and

Default Judgment was entered against the Defendants on May 13, 2008; and

Defendants, previously an involuntarily dissolved corporation, are currently in good standing with the Illinois Secretary of State; and

Upon Plaintiffs' motion and for good cause shown, default is hereby vacated against Defendant KEITH COOTE individually; and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is vacated against Defendant KEITH COOTE, individually and d/b/a Full Court Sports Floors, Inc..

ENTERED:

_____
JUDGE SAMUEL DER-YEGHIAYAN
UNITED STATES DISTRICT JUDGE

DATED:_____